**Amador Cesario RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–01292–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 11, 2000.

Timothy A. Hootman, Houston, TX, for appellants.

John B. Holmes, Houston, TX, for appellee.

Panel consists of Justices YATES, FOWLER and FROST.

## OPINION ON REHEARING

### KEM THOMPSON FROST, Justice.

Appellant's motion for rehearing is overruled. This court's opinion of December 16, 1999, is withdrawn, and this opinion is issued in its place.

### INTRODUCTION

This is an appeal of a murder case tried to a jury. Appellant, Amador Cesario Rodriguez, complains that the trial court erred in denying his motion for continuance and motion for new trial, both of which were based on the failure of a key but unsubpoenaed witness to appear at trial. Appellant also complains that the denial of his motion for continuance and motion for new trial violated his right to due course of law under the state constitution and due process of law under the federal constitution. We affirm.

### BACKGROUND FACTS

Appellant went to a Houston nightclub with a friend, where he met Candy Pequeno and Monica Garza. Appellant left the club alone around 1:45 a.m. and proceeded to his car. On the way to his car, he saw Ms. Pequeno and Ms. Garza standing nearby and agreed to give them a ride to their car, which was in a restaurant parking lot across the street. After the three of them arrived by car in the restaurant's parking lot, appellant began arguing with the occupants of a red *Escort*, driven by the complainant, Charles Haywood. In Mr. Haywood's car were his friends, Jermaine and Maria McFadden, who were in the backseat, and Eddie Kelly, who was in the front passenger seat. The parking lot argument eventually escalated to the point that appellant pulled out a twelve gauge shotgun he kept in his car and fired at Mr.

Haywood's car. The shot killed Mr. Haywood and injured Mr. McFadden. After the shooting, appellant fled the scene. Shortly thereafter, the Houston police arrested him.

At his murder trial, appellant claimed that the passengers of Mr. Haywood's car were waving a gun, prompting him to shoot in self-defense. All three of the passengers in Mr. Haywood's car denied that any of them had a gun on the night of the shooting. To establish his defense, appellant relied on his own testimony. He also intended to present the live testimony of Ms. Pequeno, one of the passengers in his car the night of the shooting, who earlier had testified before the grand jury that she saw the occupants of the red *Escort* waving a gun at appellant's car. Ms. Pequeno had cooperated with appellant's counsel in pretrial proceedings and had agreed to testify for appellant at trial. Because she had demonstrated reliability by appearing for all three previous trial settings, appellant relied on Ms. Pequeno to appear at trial voluntarily and did not arrange for a subpoena to compel her attendance. When the trial began, however, Ms. Pequeno was nowhere to be found.

On the second day of the trial, which was a Tuesday, Ms. Pequeno still had not appeared, nor had appellant determined her whereabouts. At that point, appellant's counsel secured a subpoena for her attendance at trial but was unable to locate her for service. Following appellant's testimony on Thursday of the same week, appellant's counsel moved for a continuance until the following Monday, stating that although the defense had not located Ms. Pequeno, they had made contact with her brother, who was helping them look for her. The trial court denied appellant's motion for continuance but gave appellant the option of reopening his case if he located Ms. Pequeno by the next morning. In addition, the trial court allowed appellant, over the State's objection, to read to the jury the testimony that Ms. Pequeno had given before the grand jury shortly after the shooting. By Friday morning, appellant still could not produce Ms. Pequeno or state her whereabouts. With his motion for continuance denied, appellant presented Ms. Pequeno's grand jury testimony to the jury.

The jury found appellant guilty of murder and sentenced him to thirty years' confinement. After the trial was over, appellant finally located Ms. Pequeno. Appellant then moved for a new trial, arguing that by denying the motion for continuance, the trial court deprived him the opportunity to put on favorable testimony from a key witness, which may have to led to a different result. The trial court denied the motion for new trial.

### MOTION FOR CONTINUANCE

In his first point of error, appellant contends the trial court erred in denying his motion for continuance. The Code of Criminal Procedure provides that a continuance may be granted "when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, *which no reasonable diligence could have anticipated,* the applicant is so taken by surprise that a fair trial cannot be had." TEX.CODE CRIM.PROC.ANN . art. 29.13 (Vernon 1989) (emphasis added). The granting or denial of a motion for continuance is vested in the sound discretion of the trial court. *See Duhamel v. State,* 717 S.W.2d 80, 83 (Tex.Crim.App. 1986). When reviewing the trial court's denial of a motion for continuance, we examine the circumstances presented to the trial court and determine whether it abused its discretion in denying the motion. *See Heiselbetz v. State,* 906 S.W.2d 500, 517 (Tex.Crim.App.1995). Where the continuance is requested because of a missing witness, "[i]f the evidence does not indicate a probability that the witness can be secured by a postponement, or if it appears that a continuance due to the absence of the witness would delay the trial indefinitely, the motion may be properly

denied." *Varela v. State,* 561 S.W.2d 186, 191 (Tex.Crim.App.1978).

■ Because a missing witness is a risk inherent in almost every case, the party seeking to present the witness must exercise reasonable diligence to protect against the possibility that a witness will not appear as promised. Taking appropriate measures (i.e., arranging for the timely issuance and service of a subpoena to compel the witness's appearance at trial) is especially critical when the witness is material to the case. Failure to take the necessary steps to secure the attendance of a key witness demonstrates a lack of reasonable diligence. Here, appellant argues he was entitled to a continuance notwithstanding his failure to arrange for the issuance of a subpoena for the missing witness because she had appeared voluntarily on prior occasions and had assured him she would be available for trial. While the witness may have led appellant to believe that a subpoena was unnecessary to secure her attendance, appellant must be held ultimately responsible for his failure to seek compulsory process for a witness as important to his case as Ms. Pequeno, even if she had proved reliable and cooperative in the past.

The uncertainty surrounding Ms. Pequeno's availability to testify at trial also constitutes sufficient grounds for the denial of appellant's motion for continuance. The record does not indicate a probability that Ms. Pequeno could have been secured by a postponement. At the time appellant requested the continuance, he had no knowledge of Ms. Pequeno's whereabouts. In fact, appellant informed the trial court that even Ms. Pequeno's brother did not know where she was. Appellant's counsel's attempts to locate her had proven fruitless and there was no indication that she likely would have been secured if the trial were postponed. These circumstances do not present compelling grounds for a continuance.

Given appellant's failure to arrange for the issuance of a subpoena on the witness until the second day of trial and the uncertainty of the witness's whereabouts or availability, we cannot say the trial court abused its discretion in denying the motion for continuance. Furthermore, in light of the fact that the trial court permitted appellant to introduce Ms. Pequeno's grand jury testimony (which was clear, supported appellant's claim of self defense, and was not subject to any cross-examination), appellant had the opportunity to present the missing witness's account to the jury. We find the trial court did not err in denying appellant's motion for continuance. Appellant's first point of error is overruled.

### MOTION FOR NEW TRIAL

In his second point of error, appellant asserts he was entitled to a new trial because (1) the trial court committed error by denying his motion for continuance; and (2) a material witness was kept from the court by fraud or was intentionally withheld, providing him grounds for relief under Texas Rule of Appellate Procedure 21.3(e). Having already determined that the trial court did not err in denying appellant's motion for continuance, we will address only appellant's rule 21.3(e) claim.[1]

■ The granting or denying of a motion for new trial lies within the discretion of the trial court. *See Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App.1995). When reviewing a trial court's denial of a motion for new trial, we do not substitute our judgment for that of the trial court, but rather, we consider whether the trial court's decision was arbitrary or unreasonable. *See id.*

■ Under rule 21.3(e), a motion for new trial *must* be granted "when a material defense witness has been kept from the

---

1. Although appellant referred to rule 21.3(b), (e), and (h) in his brief, he has informed this court that he is not relying on subsections (b) or (h) and that his argument is limited to subsection (e).

court by force, threats, or *fraud,* or when evidence tending to establish the defendant's innocence has been intentionally destroyed or withheld, thus preventing its production at trial." Tex.R.App.P. 21.3(e) (emphasis added). The "fraud" provision of this rule contemplates at least two actors—the material witness and one or more persons who keep that witness from court by fraud. *See, e.g., Dedesma v. State,* 806 S.W.2d 928, 934 (Tex.App.—Corpus Christi 1991, pet. ref'd) (interpreting rule 21.3(e)'s predecessor, rule 30(b)(5) when the state allegedly prevented a material witness from appearing at trial). It is incumbent upon a defendant relying on this provision to show that acts or omissions constituting fraud prevented the missing witness from appearing in court. Here, appellant points to no conduct or action that could be construed as fraud.[2] Instead, he focuses on Ms. Pequeno's undisputed absence from trial. Notably, appellant does not allege that anyone kept Ms. Pequeno from trial by any form of wrongdoing; nor is there anything in the record to suggest that the state or anyone else prevented Ms. Pequeno from attending the trial by any means of artifice, trickery, misrepresentation, or other deception of any kind. To the contrary, Ms. Pequeno's affidavit testimony clearly demonstrates that she did not appear at trial because she did not want to do so.[3] The underlying rationale for the "fraud" provision of rule 21.3(e) is to provide relief in those rare instances in which a material defense witness is deceived or tricked into not appearing in court. The rule has no application in cases such as this in which the witness was not deceived, tricked or otherwise defrauded but *chose* not to appear.

■ Appellant also argues that "a material defense witness [Ms. Pequeno] . . . was intentionally withheld." However, there is no evidence in the record to support this factual assertion.[4]

Absent proof that Ms. Pequeno was kept from the court by fraud, or intentionally withheld, appellant failed to establish entitlement to relief under rule 21.3(e). Therefore, we can not conclude that the trial court's decision to deny appellant a new trial was arbitrary or unreasonable. The trial court did not abuse its discretion in refusing to grant appellant a new trial. Appellant's second point of error is overruled.

## DUE PROCESS

In his third and fourth points of error, appellant contends the trial court's denial

**2.** Appellant relied exclusively on "fraud" as grounds for a new trial under rule 21.3(e); he did not allege in the lower court, nor does he assert on appeal that Ms. Pequeno was kept from court by "force" or "threats."

**3.** It is undisputed that appellant knew of the existence of Ms. Pequeno before the trial and knew the substance of her testimony. Furthermore, despite appellant's reliance on Ms. Pequeno's assurances that she would appear at trial, the fact remains that appellant failed to secure a subpoena for Ms. Pequeno until the second day of trial.

**4.** To the extent appellant is referring to the provision in rule 21.3(e) that entitles a defendant to a new trial upon a showing that "evidence tending to establish the defendant's innocence has been intentionally . . . withheld," his argument fails. This record does not support a finding that Ms. Pequeno "intentionally withheld" evidence within the meaning of rule 21.3(e). To the contrary, the record shows that she not only gave a detailed and sworn account of the events in question to the grand jury, but also voluntarily communicated with the defense about the evidence she possessed. Appellant's real complaint is not that Ms. Pequeno withheld evidence but that she withheld her presence at trial. Mere failure of a witness to voluntarily appear for trial does not constitute "intentional withholding of evidence" under rule 21.3(e). Furthermore, to obtain relief under this provision, the defendant must demonstrate that the "intentional withholding" prevented the production of the evidence at trial. *See* Tex. R.App.P. 21.3(e). Ms. Pequeno's grand jury testimony was presented at trial; thus, even if appellant had made the threshold showing that evidence was intentionally withheld, he still would not have been entitled to a new trial because there is nothing in the record to establish that production of the evidence was prevented.

of his motion for continuance and motion for new trial violated his right to due course of law under the state constitution and due process under the federal constitution. According to appellant, the "basic notions of fairness were violated by the trial court refusing to allow appellant to present the most important and crucial evidence to his sole argument of self-defense."

The federal constitution and the state constitution entitle an accused to due process and due course of law, respectively. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19. While the Texas constitution sometimes provides greater protection than the federal constitution, there is no authority holding that due course of law provides greater protection than due process. *See Safari v. State,* 961 S.W.2d 437, 441–42 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd, untimely filed). Therefore, we consider appellant's state and federal claims together.

 The proper procedural due process analysis is two-tiered. *See Ex parte Montgomery,* 894 S.W.2d 324, 327 (Tex. Crim.App.1995). First, the reviewing court must decide whether a protected liberty or property interest exists. *See id.* (citing *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)); *Schwenke v. State,* 960 S.W.2d 227, 232 (Tex.App.—Corpus Christi 1997, pet. denied). If this interest exists, the court must ask the second question, which is whether sufficient procedural safeguards ensure that there was no arbitrary interference with the interest. *See id.*

 As to the first tier of the procedural due process analysis, a protected interest "may be either a 'core' interest, such as a liberty or vested property right, or an interest that stems from an indepen-

dent source, such as state law." *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Southwest Airlines Co. v. Texas High–Speed Rail Authority,* 867 S.W.2d 154, 159 (Tex. App.—Austin 1993, pet. denied) (citing *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)); *Pickell v. Brooks,* 846 S.W.2d 421, 426 (Tex.App.—Austin 1992, writ denied). The right to compulsory process is a core interest of due process law. *See Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). This right is defined as " 'the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies.' " *Coleman v. State,* 966 S.W.2d 525, 527 (Tex.Crim.App.1998) (quoting *Washington,* 388 U.S. at 19, 87 S.Ct. 1920). Therefore, appellant's right to present evidence in his favor is a core interest.

 Next, we must determine whether sufficient procedural safeguards ensure there is no arbitrary interference with the interest. In light of the fact that the trial court gave appellant the opportunity to present his defense through Ms. Pequeno's grand jury testimony, we question whether there was any interference at all. Notably, appellant does not contend that his subpoena power for obtaining witnesses in his favor was in any way abridged. In fact, he admits he elected not to arrange for issuance of a subpoena on Ms. Pequeno, opting instead to rely on her promise to appear. The fact that appellant's reliance proved to be misplaced does not constitute interference with his right to compulsory process. In any event, the notice and the opportunity to be heard at the hearings for appellant's motion for continuance and motion for new trial were sufficient procedural safeguards to protect appellant's liberty interest.[5] Accordingly, we

---

5. Deprivation of a protected interest requires notice and an opportunity to be heard. *See*

*Schwenke v. State,* 960 S.W.2d at 233.

overrule appellant's third and fourth points of error.

The judgment is affirmed.