In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00640-CR

____________


STEPHEN ELLIS MANLEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Criminal Court at Law No. 15

Harris County, Texas

Trial Court Cause No. 1045072






O P I N I O N

 A jury found appellant guilty of assault, with an affirmative finding of domestic
violence. The trial court assessed punishment at 300 days in the Harris County Jail. 
We affirm.

Background

 Appellant and his girlfriend, the complainant, lived together. On November
17, 2000, they got into an argument. Appellant pushed the complainant onto the
bathroom floor, causing her to hit her head on the bathtub. The complainant ran into
the living room, where appellant bit her on the shoulder. He kicked her in the right
leg, the buttocks, and the vaginal area. He then forced her to have sex with him. 

 The complainant called 911, but hung up. She later went to her cousin's house,
where she called 911 for the second time. Officer Escobedo was dispatched to the
cousin's house. The complainant told the officer that appellant had assaulted her five
hours earlier. The officer took pictures of the complainant's injuries and prepared a
report.

 The complainant did not testify at trial. At the hearing on the motion for new
trial, however, she recanted her original statement to the police and claimed that
appellant did not assault her. She testified that, instead, she walked in on appellant
having sex with another woman, Shenika Jones. She got into a fight with Jones, and
then Jones, not appellant, bit and kicked her, while appellant tried to break the two
women apart. She falsely told the officers that appellant assaulted her because she
was mad at him for sleeping with another woman. She testified that the prosecutor
told her that she would go to jail if she changed her story. 

Motion for New Trial

 The denial of a motion for new trial lies within the discretion of the trial court. 
Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). When reviewing a trial
court's denial of a motion for new trial, we do not substitute our judgment for that of
the trial court, but rather, we consider whether the trial court's decision was arbitrary
or unreasonable. Id.

Rule 21.3(e)

 In his sole point of error, appellant contends that the trial court abused its
discretion in denying his motion for new trial under Texas Rule of Appellate
Procedure 21.3(e), which provides that a defendant must be granted a new trial "when
a material defense witness has been kept from the court by . . . threats." Tex. R. App.
P. 21.3(e).

 Appellant argues that the complainant was a material defense witness who did
not testify because the prosecutor threatened her. At the motion for new trial hearing,
the complainant testified that the prosecutor told her she would go to jail if she did
not testify against appellant. In response, the prosecutor testified that he neither
threatened physical force nor yelled at the complainant. He simply warned her about
the consequences of changing her story: 

 I explained to her that if she decided to lie, then she might have possible
consequences herself for facing something like perjury. I also - based
on what she had told me about, she was essentially recanting the fact
that the assault had happened; and I explained to her that I knew she had
told the police on one occasion that it did happen and now she was
saying it didn't and that she could be facing false report to a police
officer it if turned out that in fact we determined she did lie.

 In addition, evidence was produced at the new trial hearing to show that the
complainant's new story was not credible. See Driggers v. State, 940 S.W.2d 699,
709 (Tex. App.--Texarkana 1996, pet. ref'd). The State presented Jennifer Varela,
a licensed social worker, who explained that victims of domestic violence, like the
complainant, may refuse to testify because they are afraid of the abuser or believe the
abuser's promises to change. 

 At a motion for new trial hearing, the trial court is the trier of fact and the sole
judge of the credibility of the witnesses. Lewis, 911 S.W.2d at 7. The trial court did
not abuse its discretion in disbelieving the complainant's testimony. Nor did it abuse
its discretion in believing that the prosecutor did not threaten the complainant, but 
simply warned her about the consequences of changing her story.

 Moreover, appellant did not subpoena the complainant to testify at trial. Mere
failure of a witness to voluntarily appear for trial does not constitute "intentional
withholding of evidence" under rule 21.3(e). Rodriguez v. State, 21 S.W.3d 562, 567
(Tex. App.--Houston [14th Dist.] 2000, pet. ref'd).

 Appellant did not establish that the complainant was kept from the court by
threats under rule 21.3(e). Thus, we hold that the trial court did not abuse its
discretion in denying a new trial. 

 We overrule appellant's sole point of error.

Conclusion

 We affirm the judgment of the trial court.


 Adele Hedges

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings

Do not publish. Tex. R. App. P. 47.4