Affirmed and Memorandum Opinion filed August 28, 2003














Affirmed and Memorandum Opinion filed August 28, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00741-CR

____________

 

RICHARD DAVIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_____________________________________________




 
 
 
 
 
 
 
 
 
  
 




On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 706,396

_____________________________________________

 




 
 
 
 
 
 
 
 
 
 
 
  
 




M E M O R A N D U M   O P I N I O N

Appellant Richard Davis challenges
the trial court=s denial of his motion for post-conviction DNA testing.  We affirm.

I. 
Factual and Procedural Background

Appellant was convicted of aggravated sexual assault of a child
in 1996, after pleading nolo contendere
in cause number 706,396 in the 182nd District Court of Harris County, Texas.  The trial court
sentenced appellant to eight years’ confinement in the 

 class=Section2>

Texas Department of Criminal Justice, Institutional
Division.  In December of 2001, appellant
filed a pro se motion for post-conviction DNA testing in the trial court.  After the trial court appointed counsel,
appellant filed a second motion for post-conviction DNA testing in February of
2002.  The trial court denied appellant=s motion for
post-conviction DNA testing, and appellant now challenges that judgment.

II.  Issues Presented

Appellant presents the following issues for review:

(1)
      Did the trial court violate
appellant=s due process and
confrontation rights under the Texas Constitution when it conducted a
post-conviction DNA hearing in appellant=s
absence? 

(2)       Did the trial court violate appellant=s
due process rights under the Texas Constitution by not holding an evidentiary
hearing on his motion for post-conviction DNA testing?

(3)
      Did the trial court reversibly err
by denying appellant=s motion for DNA
testing under article 64.03 of the Texas Code of Criminal Procedure?

 

III.  Analysis and Discussion

A.      Do
the due course of law and confrontation provisions of the Texas Constitution require a defendant’s presence
at a post-conviction DNA hearing?

 

In his first issue, appellant argues the trial court violated
his confrontation clause and due process rights under the Texas Constitution by
holding a post-conviction DNA hearing in his absence.  See Tex. Const. art. 1, '' 10, 19.  Appellant maintains that article 33.03 of the
Texas Code of Criminal Procedure is dispositive of
his first issue.  Article 33.03 is based
on the Confrontation Clause and provides that a defendant must be personally
present at trial in all felony prosecutions and in all misdemeanor prosecutions
when the punishment may include a jail sentence.  See Tex. Code Crim.
Proc. art. 33.03; Garcia v. State,
818 S.W.2d 756, 762B63 (Tex. Crim. App. 1991).  

By their plain language, the Texas Confrontation Clause and
article 33.03 of the Code of Criminal Procedure apply to criminal
prosecutions.  See Tex. Const. art.
1, '
10;  Tex.
Code Crim. Proc. art. 33.03.  Unlike a criminal prosecution, a
post-conviction 

 class=Section3>

DNA hearing does not involve accusations against a criminal
defendant.  Cravin v. State, 95 S.W.3d 506, 510 (Tex. App.CHouston
[1st Dist.] 2002, pet. ref=d).  Accordingly, appellant does not have a
constitutional right to Aconfront his accusers@ at a post-conviction DNA
hearing because it is a proceeding appellant initiated himself.  Id.  Because it was not
fundamentally unfair for the trial court to hold the post-conviction hearing in
appellant=s absence when appellant was represented by counsel at the
hearing, we find no violation of appellant=s due process rights.  See Cravin, 95
S.W.3d at 511.  For these reasons, we overrule appellant=s first issue.

B.      Did
the trial court reversibly err by not holding an evidentiary hearing on
appellant’s motion for post-conviction DNA testing?

 

In his second issue, appellant argues the trial court=s failure to conduct an
evidentiary hearing with live witness testimony violated his due process rights
under the Texas Constitution.[1]  Appellant contends he needed an evidentiary
hearing with live witness testimony to meet his burden of proving by a
preponderance of the evidence that a reasonable probability exists that
appellant would not have been prosecuted or convicted if exculpatory results
had been obtained through DNA testing.  See Tex.
Code Crim. Proc. art. 64.03 (a)(2)(A).  

The record shows that the trial court held a hearing on
appellant=s motion for post-conviction DNA testing.  At the hearing, appellant=s counsel asked the trial
court to take judicial notice of the contents of the case file, appellant=s original and amended
motions for DNA testing, and supporting affidavits.  Appellant=s counsel then rested. 
Nothing in the record suggests that the trial court prevented appellant
from presenting witness testimony or other evidence at the hearing.  Nor is there any suggestion in the record
that appellant requested an evidentiary hearing or informed the trial court of
his complaint that he allegedly was not given an opportunity to present witness
testimony.  Because 

 class=Section4>

appellant did not make the complaint he now urges in the trial
court, we find appellant has not preserved the alleged error for appellate
review.  See Tex. R. App. P. 33.1(a)
(providing a complaint generally must  be
made by a timely request, objection, or motion to the trial court to preserve
error for appellate review); Saldano v. State,
70 S.W.3d 873, 886B87 (Tex. Crim. App. 2002) (stating that even
constitutional complaints may be waived by failure to timely assert them in the
trial court); Ieppert v. State, 908 S.W.2d 217, 219 (Tex. Crim. App. 1995) (stating due process
rights are usually forfeitable by inaction); Ex parte Alakayi,
102 S.W.3d 426, 434 (Tex. App.CHouston
[14th Dist.] 2003, pet. filed) (finding
failure to preserve due process complaint concerning trial court=s alleged failure to give
hearing).[2]  Accordingly, we overrule appellant’s second
issue. 

C.      Did
the trial court reversibly err by denying appellant’s motion for DNA testing under
article 64.03 of the Texas Code of Criminal Procedure?

 

In his third issue, appellant maintains that the trial court=s denial of his motion for
post-conviction DNA testing was erroneous because he satisfied the elements of
article 64.03 of the Texas Code of Criminal Procedure.  See Tex. Code Crim. Proc.
art. 64.03.  

A convicted person may only file a motion for DNA testing of
material that was in the possession of the State during the trial of the
underlying offense.  Tex. Code Crim.
Proc. art. 64.01.  A trial court
must order forensic DNA testing when it finds, inter alia,
the following elements are satisfied: 

(1)       evidence still exists in a condition
making DNA testing possible;

(2)
      the evidence has been subjected to a
chain of custody sufficient to establish that the evidence has not been
substituted, tampered with, replaced, or altered in any material respect; and

(3)       the convicted person established by a
preponderance of the evidence that a reasonable probability exists that the
person would not have been prosecuted  or
convicted if exculpatory results had been obtained through DNA testing.

See Tex. Code Crim.
Proc. art. 64.03. 


We review a trial court=s decision to deny a motion for post-conviction DNA testing
under a bifurcated standard of review.  Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  Accordingly, we afford almost total deference
to the trial court=s determination of issues of historical fact and
application-of-law-to-fact issues that turn on an evaluation of credibility and
demeanor.  Id.  However, we review de novo the ultimate question of whether
the trial court was required to grant a motion for DNA testing under Chapter 64
of the Texas Code of Criminal Procedure. 
See id.     

Appellant=s motion for DNA testing was prepared by counsel and closely
tracked the language of Chapter 64 of the Code of Criminal Procedure.  See Tex. Code Crim. Proc.
art. 64.01, et seq.  The motion requested DNA testing of Aany and all biological matter
and materials which were collected and obtained and retained for trial
purposes.@  In the accompanying
affidavit, appellant was required to provide sworn statements of fact in
support of the motion.  See Tex.
Code Crim. Proc. art. 64.01(a).  In his affidavit, appellant asserts evidence
was obtained in the underlying case, from a sexual activity kit, that included A>swab= vaginal smear and hair
from@ the
complainant.  

In support of its response in opposition to appellant=s motion, the State
submitted three affidavits.  The first,
an affidavit from the custodian of records for the Houston Police Department
(HPD) Property Room, stated that the Property Room was not in possession of any
property or evidence relating to the underlying offense.  The second affidavit, from the custodian of
records for the HPD Crime Lab, stated that the Crime Lab was not in possession
of any evidence relating to the underlying offense at the time of making the
affidavit, and had not previously received evidence in the case.  The third affidavit, from the Exhibits Clerk
of the Harris County District Clerk=s office, stated that the Harris County District Clerk=s office was not in
possession of evidence pertaining to the underlying case.  At the hearing on appellant=s motion for DNA testing,
appellant=s counsel told the trial court that, based on his review and
investigation of appellant=s case, 

 class=Section5>

he was satisfied there was not biological material or other
physical evidence which could be subjected to DNA testing.

We conclude the affidavits filed by the State in its response
were sufficient to enable the trial court to conclude that no evidence exists
that could have been subjected to DNA testing under article 64.03.  See
Tex. Code Crim.
Proc. art. 64.03(a); Cravin, 95 S.W.3d at 511.  Assuming arguendo
the evidence identified in appellant=s affidavit exists, the record does not show an adequate chain
of custody.  See Tex. Code Crim. Proc. art. 64.03(a).  Finally, the trial court correctly concluded
that appellant failed to prove by a preponderance of the evidence that a
reasonable probability exists that appellant would not have been prosecuted or
convicted if exculpatory results had been obtained through DNA testing.  The record does not establish a reasonable
probability that the absence of appellant=s DNA on the alleged evidence would prove his innocence.  See
Rivera, 89 S.W.3d at 60.  The underlying offense allegedly occurred in
April of 1995, but the complainant was not examined until late September of the
same year.  Accordingly, the trial court
correctly denied appellant=s motion for post-conviction DNA testing.  We overrule appellant=s third issue.

Having overruled all of appellant=s issues, we affirm the trial court=s judgment.  

 

/s/        Kem Thompson
Frost

Justice

 

Judgment rendered and Memorandum Opinion filed August 28, 2003.

Panel consists of Justices Yates, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  Although appellant characterizes his second
issue as a due process complaint, he cites to the Confrontation Clause of the
Texas Constitution.  See Tex. Const. art.
1, ' 10.  This disparity is not relevant to our
disposition of this issue.   





[2]  To the extent these cases address due process
under the United States Constitution, they remain applicable to appellant=s complaint under the Texas Constitution because the Texas due course
of law provision has not been held to provide greater protection than federal
due process.  See Rodriguez v. State, 21 S.W.3d 562, 568 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d); Cravin, 95 S.W.3d
at 511 n.3.