Affirmed and Opinion filed December 9, 2003









Affirmed and Opinion filed December 9, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01299-CR

____________

 

KERRY LEE BEAL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 923,822

 



 

O P I N I O N

Appellant, Kerry Lee Beal, was charged by indictment with
burglary of a habitation with an intent to commit
assault.  To this accusation appellant
entered a plea of Anot guilty,@ and the parties proceeded to trial before a jury.  After hearing the testimony of the witnesses
and considering the evidence presented, the jury returned a guilty
verdict.  Thereafter, the trial court
found an enhancement paragraph alleging a prior conviction for aggravated
assault to be true and assessed appellant=s punishment at confinement in the
state penitentiary for life and a fine of $10,000.  We affirm.








In three points of error, appellant contends (1) the evidence
is legally insufficient to show he entered the complainant=s habitation,
(2) the evidence is factually insufficient to show he entered the complainant=s habitation, and (3) the trial court
abused its discretion in denying his motion for a continuance.

Legal Sufficiency

Appellant, a former live-in boyfriend of the complainant,
confronted the complainant outside her apartment and demanded the keys to a motor
vehicle that they each claim as their own. 
The complainant refused and ran inside her apartment.  She was followed by the appellant who beat
the complainant and pulled out clumps of her hair.  After he had forcefully obtained the
complainant=s purse, she stabbed him in the back
with a kitchen knife.  Appellant dropped
the purse and fled the premises.  Police
observed a blood trail starting just outside the complainant=s door. 

Appellant contends the evidence is legally insufficient to
show he ever entered the apartment.  When reviewing the legal
sufficiency of the evidence, we must view the evidence in the light most
favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Wilson v. State, 7 S.W.3d
136, 141 (Tex. Crim. App. 1999).  In conducting this review, we do not engage
in a second evaluation of the weight and credibility of the evidence, but only
ensure that the jury reached a rational decision.  Muniz v. State, 851
S.W.2d 238, 246 (Tex. Crim. App. 1993).








A person commits burglary if, without the effective consent
of the owner, he enters a habitation with an intent to
commit an assault, or he enters and commits or attempts to commit an
assault.  Tex. Pen. Code Ann. ' 30.02(a)(1),
(3) (Vernon Supp.2002).  Here, two witnesses testified
that appellant entered the apartment. 
One witness called 911 while appellant was fighting with the complainant
inside the apartment and so reported on the phone.  Although the blood trail starts just outside
the complainant=s door, clumps of the
complainant=s hair were found throughout
the apartment.  

Viewing the evidence in the light most favorable to the
prosecution, we find a rational jury was entitled to conclude appellant entered
complainant=s apartment.  Accordingly, the evidence is legally
sufficient, and the first point of error is overruled.

Factual Sufficiency

For the same reasons articulated above, appellant also
contends the evidence is factually insufficient to support the jury=s verdict.  When reviewing claims of factual
insufficiency, it is our duty to examine the jury=s weighing of the
evidence.  Clewis v. State, 922
S.W.2d 126, 133, 134 (Tex. Crim. App. 1996).  There are two ways in which evidence can be
factually insufficient: (1) the evidence is so weak as to be clearly wrong or
manifestly unjust, or (2) the finding of a vital fact is so contrary to the
great weight and preponderance of the evidence as to be clearly wrong.  Zuliani v. State, 97 S.W.3d 589, 593 (Tex. Crim.
App. 2003).  Determining which
standard applies depends upon whether the complaining party had the burden of
proof at trial.  Id.  If the complaining party did not have the
burden of proof, then the Amanifestly unjust@ standard applies.  Id. 
On the other hand, if the complaining party had the burden of proof,
then the Aagainst
the great weight and preponderance@ standard applies.  Id. 
Under the Texas Court of Criminal Appeals= modified approach, if the
defendant challenges the factual sufficiency of the elements of the offense,
even though the State had the burden of proof, we must review the evidence
using both standards.  Id.  Thus, when reviewing factual sufficiency
challenges, we must determine Awhether a neutral review of all
of the evidence, both for and against the finding, demonstrates that the proof
of guilt is so obviously weak as to undermine confidence in the jury=s determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.@  Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).








In making his factual insufficiency argument, appellant
continues to argue that there was insufficient evidence to place him inside
complainant=s apartment.  However, the jury is the sole judge of the
facts, the credibility of the witnesses, and the weight to be given the
evidence.  Wyatt v. State, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000); Beckham v. State, 29 S.W.3d 148, 152 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Therefore, the jury may believe or disbelieve all or part of
any witness=s testimony.  Jones v. State, 984 S.W.2d
254, 258 (Tex. Crim. App. 1998).  Reconciliation of any conflicts in the
evidence falls within the exclusive province of the jury.  Heiselbetz v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995). 
We do not find the proof of guilt is so obviously weak as to undermine
our confidence in the jury=s verdict or that the proof of
guilt is greatly outweighed by contrary proof. Apparently, the jury believed
the testimony at trial placing appellant within complainant=s apartment.   Accordingly, the second point of error is
overruled. 

Failure to Grant a Continuance  

In his final point of error, appellant contends the trial
court erred in failing to grant a continuance so as to permit more time to
secure the presence of three defense witnesses. 
The general rule is that a motion for continuance must be in
writing.  Tex. Code Crim. Proc.
Ann. art. 29.03 (Vernon 1989). 
No such written motion was filed in this case;  thus, the issue has not been preserved
for appellate review.  Mathews v.
State, 40 S.W.3d 179, 186 (Tex. App.CTexarkana 2001, pet. ref=d). 
Even if the issue had been preserved by a written motion, we cannot
reverse for a trial court=s failure to grant a continuance unless the record contains
some evidence regarding the prejudicial effect of the court=s decision, i.e., the
testimony that would have been given by the missing witness.  Varela v. State, 561 S.W.2d 186, 191
(Tex. Crim. App. 1978);  Hartson
v. State, 59 S.W.3d 780, 784 (Tex. App.CTexarkana 2001, no pet.).  Here, appellant filed no motion for new trial
to develop the potential testimony of the missing witnesses, and we have no way
of ascertaining the prejudicial effect, if any, of the trial court=s denial of a continuance.








Finally, the grant or denial of a motion for continuance is
vested in the sound discretion of the trial court.  Rodriguez v. State, 21 S.W.3d 562, 565
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
If the record does not indicate a probability that the witness could
have been secured by a postponement, or if it appears that a continuance due to
the absence of the witness would have delayed the trial indefinitely, there is
no error in denying the motion.  Varela v. State, 561 S.W.2d 186, 191 (Tex. Crim. App. 1978). 
Here, the trial court delayed the proceedings to permit the witnesses a
more than sufficient amount of time to travel to the courthouse and make an
appearance.  Despite the trial court=s patience, the witnesses did not
appear.  Accordingly, the third point of
error is overruled. 

The judgment of the trial court is affirmed.

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed December 9, 2003.

Panel
consists of Justices Hudson, Edelman, and Guzman.

Do Not
Publish C Tex. R. App. P.
47.2(b).