NO. 07-07-0501-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 15, 2009

_____

LARRY WILSON, SR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. 3423; HONORABLE DAVID MCCOY, JUDGE [1]

_____

Before  QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

On January 23, 2006, Appellant, Larry Wilson, Sr., plead guilty to arson and was placed on deferred adjudication for five years.  On January 4, 2007, the State filed a

_____

[1]Although the Honorable David M. McCoy presided at the pretrial hearings and the hearing on the State's motion to adjudicate, the Honorable John T. Forbis presided over the hearing on Appellant's motion for new trial.

motion to adjudicate guilt based upon three alleged violations of the terms and conditions of community supervision. Appellant's defense was based upon a theory that Desman Mace had laced his food with marihuana[2] and, therefore, he did not knowingly ingest a controlled substance in violation of the terms and conditions of his community supervision. On October 1, 2007, Judge McCoy found that Appellant had violated the condition of his community supervision that he abstain from the use of narcotics or any controlled substance and adjudicated him guilty. Punishment was then assessed at fourteen years confinement. Appellant timely filed a motion for new trial and, on December 13, 2007, Judge Forbis conducted a hearing on that motion. Without ruling on the motion for new trial, the motion was overruled by operation of law and this appeal followed.[3]

By three points of error, Appellant maintains the trial court abused its discretion in (1) failing to grant his motion for new trial as previously agreed to on the record and in light of new evidence; (2) failing to grant his motion for continuance based on the unavailability of a material witness; and (3) finding that he violated a condition of community supervision because the State failed to meet its burden of proof. We affirm.

---

[2]The Texas Controlled Substances Act refers to "marihuana;" the record refers to "marijuana." We will use the statutory spelling throughout this opinion except in quoted material. *See* Tex. Health & Safety Code Ann. §§ 418.001 - .314 (Vernon 2003 & Supp. 2008).

[3]Effective June 15, 2007, the Legislature amended article 42.12, § 5(b) of the Texas Code of Criminal Procedure to permit an appeal from the trial court's determination to adjudicate guilt in the same manner as a revocation hearing. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2008).

## I.     Procedural and Factual Background

On December 4, 2006, while Appellant was on deferred adjudication, a urine sample was taken from him for the purpose of conducting a urinalysis.  The sample tested positive for  marihuana.  As a result, on January 4, 2007, the State filed its motion to adjudicate guilt.   On April 3, 2007, Appellant filed a motion seeking continuance of a hearing scheduled April 9th.  On August 2, 2007, Appellant filed a motion seeking continuance of a hearing scheduled August 7th.   On August 30, 2007, Appellant filed a motion for continuance seeking a continuance of a hearing scheduled that day.  That motion was supported by Appellant's affidavit averring that "Desman Mace is a material witness whose presence is required because he will testify that he put marijuana in my food without my knowledge."  The revocation hearing commenced on August 30th, however, after hearing testimony from witnesses for both the State and Appellant, that hearing was recessed in order to allow Appellant's counsel an opportunity to secure Mace's attendance.   On September 28, 2007, Appellant filed a "second" motion seeking continuance of the recommencement hearing scheduled October 1st.  On October 1, 2007, the trial court conducted a pretrial hearing on that motion before recommencing the hearing on the State's motion to adjudicate.

### A.  Pretrial Hearing on Motion for Continuance

During the pretrial hearing conducted October 1, 2007, Appellant's counsel argued that he had requested a subpoena for Mace several weeks earlier, but it had been returned

undelivered.  Counsel informed the court that he believed the witness was in the Denver, Colorado area but he was unable to locate him.  The court noted that an affidavit by Mace had been admitted, without objection, during the August 30th hearing for the purpose of showing what his testimony would have been if he were available.  The affidavit provided, in part, "I, Desman Mace, put marijuana in Larry Wilson, Sr.'s food (turnip green) without him noing [sic] on 12-3-06 Amarilo, [sic] Tx, because Larry Wilson has a girlfriend that I wanted to be with . . . ."  Noting that the record contained the substance of Mace's proffered testimony, the court denied the motion for continuance and proceeded with the motion to adjudicate.

## B.  Hearing on State's Motion to Adjudicate

The court heard testimony on August 30, 2007, however, it did not rule on the motion until October 1, 2007.  During the August 30th hearing, Appellant's community supervision officer testified that Appellant was required to submit to a urinalysis test on December 4, 2006.  Dr. John Laseter, whose expert qualifications include a Ph.D. in biochemistry, testified that the results of Appellant's urinalysis showed 210 nanograms per milliliter of the THC metabolite found in marihuana.  According to Dr. Laseter, a result of 15 nanograms per milliliter is the "cut off" for a positive confirmation of marihuana use.  He also testified that eating marihuana would not necessarily elevate the THC level in the body.  He explained that ingesting marihuana would have little or no effect on a person

4

unless the quantity consumed was large because digestive enzymes would break it down and absorption takes place very slowly.

Appellant denied using marihuana and testified that his positive urinalysis was because Mace had laced his food with marihuana over a dispute involving a woman. At the conclusion of the August 30th hearing, the court recessed further proceedings for the sole purpose of allowing Appellant the opportunity to compel Mace's attendance and testimony. When the hearing resumed on October 1st, Mace remained unavailable. The court noted that if Mace was to testify to the matters already contained in his previously admitted statement, there was nothing more to hear.

Appellant then argued that unidentified persons at a drug lab had contradicted Dr. Laseter's testimony regarding the effect of consuming food laced with marihuana. Following that argument, the trial court made the following ruling:

> I am willing to complete this case today, and depending on how I rule on this case – if I revoke Mr. Wilson's probation or deferred, whatever it is, I'm willing, if he will give you names and you can get affidavits from properly qualified doctors at either one of these two places, that will say that the ingestation by eating in cooking materials, will give you much higher readings than Dr. Laseter had said they would, then I am willing to reconsider and grant a motion for new trial, if it's done within the proper new trial time.

The court added "[t]he guy needs to be qualified. He needs to be qualified to do the things that Dr. Laseter is qualified to do." The ruling continued:

If that doctor or whatever he would be classified, Ph.D., says, "[i]n my medical professional opinion, if you ingest certain sums of marijuana through cooking–" like with the case here– "–then the reading could well be as high or higher than the reading was in your test that Dr. Laseter testified to." Then I'm willing to grant a motion for rehearing as long as it's done in a timely [sic], so I don't lose jurisdiction.

The court then ruled that the evidence was sufficient to establish by a preponderance of the evidence that Appellant violated the condition that he abstain from using narcotics or any controlled substance in any form at any time unless taken under the direction of a physician. Appellant was adjudicated guilty of arson and sentenced to fourteen years confinement.

## II. Discussion

### A. Motion for New Trial

Appellant contends the trial court abused its discretion in failing to grant his motion for new trial as previously agreed to on the record and in light of new evidence. We disagree. The trial court has discretion to decide whether to grant a motion for new trial based on newly-discovered evidence, and its ruling will not be disturbed absent an abuse of discretion. *Keeter v. State*, 74 S.W.3d 31, 37 (Tex.Crim.App. 2002).

The hearing on Appellant's motion for new trial was presided over by the Honorable John T. Forbis. He expressed concern about Judge McCoy's "agreement" to reconsider Appellant's revocation if new evidence became available to support his contention that he

did not knowingly use a controlled substance in violation of the terms and conditions of his community supervision. Appellant's new evidence consisted of an affidavit from Steve Harris, a scientist employed by One Source Toxicology. Harris averred in relevant part:

> I am an employee for One Source Toxicology Laboratory, Inc. I was the certifying scientist for the reconfirmation marijuana testing for Larry Wilson performed on August 16, 2007. It is my professional opinion that it is possible for an individual to ingest marijuana that has been cooked, either by baking or boiling, and test positive for marijuana consumption at a level of 150-250 ng/mL. The heat involved in the cooking process releases the THC in much the same way igniting the marijuana to smoke it does. The amount of marijuana placed in the food could be small enough that a person eating the food in which the marijuana was contained would not detect the presence of the marijuana, this is true because the THC content in marijuana plants greatly varies.

Noting that this was a very serious matter, Judge Forbis deferred his ruling to review things "word-by-word." The motion for new trial, however, was overruled by operation of law.

Judge McCoy's "agreement" on the record that he would reconsider or grant a new trial was conditioned on Appellant providing an affidavit from an expert with credentials similar to those of Dr. Laseter's, i.e., Ph.D. Harris's affidavit does not provide any information establishing his expert qualifications "to do the things that Dr. Laseter is qualified to do" as required by Judge McCoy's ruling. Thus, we conclude the affidavit is insufficient to satisfy the condition imposed by Judge McCoy for granting a new trial. *See* Tex. R. Evid. 702. Without deciding whether such an "agreement" is enforceable, we find the trial court did not abuse its discretion by failing to grant Appellant's motion for new trial based upon any agreement in the record.

7

Furthermore, motions for new trial based upon newly discovered evidence are controlled by article 40.001 of the Texas Code of Criminal Procedure which provides: "A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." *Keeter*, 74 S.W.3d at 36. This provision has been interpreted as requiring the satisfaction of a four-part test: (1) the newly discovered evidence was unknown or unavailable to the movant at the time of trial; (2) the movant's failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result on another trial. *Id.* at 36-37. Nothing in the record supports a finding that the testimony of Harris met these requirements at the time of the hearing on the motion to proceed. Point of error one is overruled.

## B. Motion for Continuance

Appellant contends the trial court abused its discretion in failing to grant his second motion for continuance based on the unavailability of a material witness. We disagree.

Whether to grant or deny a motion for continuance is within the sound discretion of the trial court. *Janeka v. State*, 937 S.W.2d 456, 468 (Tex.Crim.App. 1996). When reviewing the trial court's denial of a motion for continuance, we examine the circumstances present in every case, particularly the reasons presented to the trial court at the time the motion is denied. *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex.Crim.App.

1982).  Where the continuance is requested because of a missing witness, if the evidence does not indicate a probability that the witness can be secured by a postponement, or if it appears that a continuance due to the absence of the witness would delay the trial indefinitely, the motion may be properly denied.  *Rodriguez v. State*, 21 S.W.3d 562, 565-66 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd) (citing *Varela v. State*, 561 S.W.2d 186, 191 (Tex.Crim.App. 1978)).

The record establishes that Appellant had already been granted several continuances, including a continuance from August 30th to October 1st, solely for the purpose of finding Mace.  When Mace was still unavailable, the trial court denied the motion for continuance, noting that Mace's written statement to the effect that he had placed marihuana in Appellant's food without his knowledge was already before the court. Appellant did not establish that an additional continuance to locate Mace would have contributed anything further to his defense.  The trial court was not required to continue the case indefinitely to locate a witness, the substance of whose testimony was already known.  We conclude the trial court did not abuse its discretion in failing to grant Appellant's motion for continuance.  Point of error two is overruled.

### C.  Revocation of Community Supervision

By his third and final point, Appellant asserts the trial court abused its discretion in finding that he violated a condition of community supervision because the State failed to meet the burden of proof.  We disagree.

9

When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State,* 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona,* 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State,* 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).

The State's expert witness, Dr. Laseter, testified that Appellant's urinalysis tested positive for marihuana in an amount much higher than if the marihuana had been ingested by eating food laced with marihuana. Even if Appellant had been able to present evidence from a qualified expert refuting Dr. Laseter's testimony, the court was free to accept or reject that testimony. The State proved by a preponderance of the evidence that Appellant violated the terms and conditions as found by the trial court. Thus, the trial court did not abuse its discretion in adjudicating Appellant guilty of the charged offense and revoking his community supervision. Point of error three is overruled.

10

Consequently, the trial court's order adjudicating guilt is affirmed.


                                        Patrick A. Pirtle
                                            Justice


Do not publish.