Affirmed
and Memorandum Opinion filed September 1, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00902-CR

____________

 

JOHN EARNEST CHRIST, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 632271

 



 

M E M O R A N D U M   O P I N I O N








The trial court denied appellant=s request for
post-conviction DNA testing and specifically overruled appellant=s constitutional
argument regarding the statutorily required burden of proof.  In two issues,
appellant, John Earnest Christ, contends the requirement set forth in Texas
Code of Criminal Procedure article 64.03(a)(2)(A), that the convicted person
must establish by a preponderance of the evidence  he would not have been
convicted if exculpatory results had been obtained through DNA testing, violates
appellant=s right to due process of law under the Fourteenth
Amendment of the United States Constitution and his right to due course of the
law under the Texas Constitution Article I, Section 9.[1] 
We affirm.

Factual and Procedural Background

In 1993, a jury found appellant guilty of
the felony offense of attempted murder and assessed  punishment at twenty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  Tex.
Penal Code Ann. '' 19.02, 15.01 (Vernon 2003).  This court
affirmed appellant=s conviction on appeal.  Christ v.
State, No. 14-93-00921-CR, 1996 WL 384945 (Tex. App.CHouston [14th Dist.] July 11, 1996,
writ ref=d) (not designated
for publication). 








In 2008, appellant moved for
post-conviction DNA testing pursuant to article 64.01 of the Texas Code of
Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art 64.01 (Vernon
2006).  He requested forensic DNA testing on two bullets recovered from the
crime scene that were not previously tested.  Appellant claimed if DNA testing
had been performed on the bullets, evidence would have supported his claim that
the complainant attempted to commit suicide and appellant accidentally shot
himself in the finger as he tried to unload the weapon.  Appellant argued DNA
testing would prove that he would not have been convicted had such evidence
been available at trial.  The State argued that no combination of the presence
or absence of appellant=s DNA on either bullet would provide, by a
preponderance of the evidence, a reasonable probability appellant would not
have been prosecuted or convicted.  See Tex. Code Crim. Proc. Ann. art
64.03(a)(2)(A) (Vernon 2006).  The trial court denied appellant=s request for DNA
testing.  The court found appellant failed to prove by a preponderance of the
evidence he would not have been convicted if exculpatory results had been
obtained through DNA testing and thus, failed to meet the requirement of
article 64.03(a)(2)(A).  See id.    

Additionally, the trial court overruled
appellant=s argument that the statutory requirement violated the
Fourteenth Amendment due process clause and the due course of law clause of the
Texas Constitution because it requires the judge to substitute her judgment for
that of the jury who convicted him.  This appeal followed.

Discussion    

Is the Statutory
Requirement a Violation of Appellant=s Federal and
State Due Process Rights?

In two issues, appellant contends the
statutory requirement of Texas Code of Criminal Procedure article
64.03(a)(2)(A), as applied to him, violates his federal and state due process
rights.  Specifically, appellant challenges the requirement that he, as a
convicted person, must establish by a preponderance of the evidence he would
not have been convicted if exculpatory results had been obtained through DNA
testing.  He contends the statute=s burden of proof
is a fundamentally unfair and impossible burden for appellant to meet and, as
such, violates his rights to due process of the law under the United States
Constitution and due course of law under the Texas Constitution.  

I.        Standard
of Review








We
review the constitutionality of a criminal statute de novo, as a
question of law.  Lawson v. State, 283 S.W.3d 438, 440 (Tex.
App.CFort
Worth 2009, no pet.).  When
reviewing the constitutionality of a statute, we presume that the statute is
valid and that the legislature did not act arbitrarily and unreasonably in
enacting the statute.  Duncantell v. State, 230 S.W.3d 835, 843 (Tex. App.CHouston [14th Dist.] 2007,
pet. ref=d).  If a statute can be construed in two different ways,
one of which sustains its validity, we apply the interpretation that sustains
its validity.  Id.  The burden of establishing the
unconstitutionality of the statue rests upon the person who challenges it.  Id.

II.       Analysis

Article 64.03 of the Texas Code of
Criminal Procedure provides that A[a]
convicting court may order a forensic DNA testing only if: . . . the convicted
person establishes by a preponderance of the evidence that: the person would
not have been convicted if exculpatory results had been obtained through DNA
testing.@  Tex. Code Crim. Pro. Ann. art. 64.03(a)(2)(A) (Vernon
2006).  The Court of Criminal Appeals has held article 64.03 requires a
convicted person to prove that Ahad
the results of the DNA test been available at trial, there is a 51% chance that
the defendant would not have been convicted.@  Routier
v. State, 273 S.W.3d 241, 257 (Tex. Crim. App. 2008).   

Appellant contends this requirement is
fundamentally unfair and violates his Fourteenth Amendment due process right
and his right to due course of law under the Texas Constitution.  Specifically,
appellant contends his federal and state due process rights are violated
because it is fundamentally unfair to require him to convince a judge, by a
preponderance of the evidence, he would not have been convicted because this
burden requires the judge to substitute her judgment for that of the twelve
jurors who rendered his verdict.  Because the due course of law clause in
Article I, Section 9 of the Texas Constitution does not provide any greater
protection than the Fourteenth Amendment=s due
process clause, we will address appellant=s two
issues together.  Rodriguez v. State, 21 S.W.3d 562, 568 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).








 A criminal statute is presumed to be
constitutional and the burden of establishing the unconstitutionality of the
statute rests upon the individual who challenges it.  Ex parte Granviel,
561 S.W.2d 503, 511 (Tex. Crim. App. 1978); Duncantell, 230 S.W.3d at
843.  AEvery reasonable intendment and presumption will be made in
favor of the constitutionality and validity of a statute, until the contrary is
clearly shown.@  Ex parte Granviel,
561 S.W.2d at 511. 

Due process only requires that
the most basic procedural safeguards are observed.  Patterson v. New York,
432 U.S. 197, 210, 97 S. Ct. 2319, 2327, 53 L. Ed. 2d 281 (1977).  States have
considerable expertise in matters of criminal procedure and it is appropriate
to exercise substantial deference to legislative judgments in this area.   Herrera
v. Collins, 506 U.S. 390, 407, 113 S. Ct. 853, 864, 122 L. Ed. 203 (1993); Medina
v. California, 505 U.S. 437, 446, 112 S. Ct. 2572, 2577B78, 120 L. Ed. 2d 353 (1992).  The State has the power to
regulate the procedures under which laws are to be carried out, including the
burden of producing evidence and the burden of persuasion, without violating
the due process clause, unless it offends some principle of justice so deeply
rooted in the traditions and conscience of our people as to be ranked as
fundamental.  Medina, 505 U.S. at 445; Patterson, 432 U.S. 197 at
210B14.  In criminal law, infractions that violate fundamental
fairness have been interpreted very narrowly and do not extend beyond the
specific guarantees enumerated in the Bill of Rights.  Medina, 505 U.S.
at 443. 

A criminal defendant proved
guilty after a fair trial does not have the same liberty interests as a free
man and the presumption of innocence disappears.  Dist. Attorney=s Office for the Third Judicial Dist. v.
Osborne, 129 S. Ct. 2308, 2320 (2009); Herrera, 506 U.S. at
399.  Thus, in the eyes of the law, appellant does not come before the Court as
one who is Ainnocent,@ but on the contrary, as one who has been convicted by due
process of law of attempted murder.  See Herrera, 506 U.S. at 399B400; Osborne, 129 S. Ct. at 2320.  Accordingly, the
State has more flexibility in deciding what procedures are needed in the
context of post-conviction relief.  Osborne, 129 S. Ct. at 2320.  When a
State chooses to offer help to those seeking relief from convictions, due
process does not dictate the exact form such assistance must assume.  Id.








The issue in the present case is whether
consideration of appellant=s
claim within the framework of the State=s
procedures for post-conviction DNA testing offends some principle of justice so
deeply rooted in the traditions and conscience of our people so as to be ranked
as fundamental or transgresses any recognized principle of fundamental fairness
in operation.  See id.  Courts may modify a State=s post-conviction relief procedures only if they are
fundamentally inadequate to vindicate the substantive rights provided.  Id.

Article 64.03 provides for post-conviction
DNA testing if the appellant can establish by a preponderance of the evidence
he would not have been convicted if exculpatory results had been obtained
through DNA testing.  Tex. Code Crim. Pro. Ann. art. 64.03(a)(2)(A).   In Osborne,
the United States Supreme Court found a similar post-conviction DNA testing
statute did not violate the due process clause.  Osborne, 129 S. Ct. at
2320B21 (upholding Alaska=s
post-conviction DNA testing statute that provided a substantive right to be
released on a sufficiently compelling showing of new evidence that established
actual innocence, provided for discovery in post-conviction proceedings, and
specified that such discovery was available to those seeking access to DNA
evidence).  Furthermore, article 64.03=s
procedures are similar to those provided for DNA evidence by federal law, which
is not inconsistent with the traditions and conscience of our people or any
recognized principle of fundamental fairness.  See 18 U.S.C. ' 3600(a) (2006) (provides for post-conviction DNA testing
if the applicant can show that the evidence would establish actual innocence or
a reasonable probability that the applicant did not commit the crime); Osborne,
129 S. Ct. at 2320B21. 
There is nothing fundamentally inadequate about article 64.03=s procedure for post-conviction DNA testing and we should
defer to the legislature=s
determinations.  See Osborne, 129 S. Ct. at 2320; Herrera, 506
U.S. at 407. 








Further, there is no historical right to
post-conviction DNA testing and neither the Federal or Texas Constitution
mentions the right to post-conviction DNA testing.  See Curry v. State,
186 S.W.3d 39, 43 (Tex. App.CHouston
[1st Dist.] 2005) (holding a facial challenge to article 64.03 would fail since
the United States Constitution does not require the State to provide
post-conviction DNA testing and appellant cites no authority for such a
requirement in the Texas Constitution); Prible v. State, 245 S.W.3d 
466, 469 (Tex. Crim. App. 2008) (stating there is no constitutional right to
post-conviction DNA testing in order to determine the presence of a third-party=s DNA).  Article 64.03 does not offend a principle of
justice so deeply rooted in the traditions and conscience of our people so as
to be ranked as fundamental nor does it transgress any recognized principle of
fundamental fairness in operation.   Therefore, the statute does not violate
appellant=s due process rights.

Conclusion 

Appellant has failed to show that the
statutorily required burden is unconstitutional under the due process clause of
the Fourteenth Amendment or the due course of law clause of Article I, Section
9 of the Texas Constitution.  Accordingly, we overrule both of appellant=s issues on appeal and affirm the judgment of the trial
court. 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

 

Panel
consists of Justices Anderson, Guzman, and Boyce.

Do
Not Publish C Tex. R. App. P.
47.2(b).









[1]  Appellant=s
arguments on appeal only relate to the constitutionality of the statute as
applied to him. Appellant  is not challenging the trial court=s finding he failed to show by a preponderance of
evidence he would not have been convicted if exculpatory results had been
obtained through DNA testing.