02-11-321-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00321-CR

 

 


 
 
 Benjamin Franklin Forsyth a/k/a Benjamin Franklin
 Forsyth, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 355th
District Court OF Hood COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

In
four issues, Appellant Benjamin Franklin Forsyth appeals his convictions for
possession of a controlled substance and unlawful possession of a firearm by a
felon.  We affirm.




II. 
Factual and Procedural Background

Based
on an informant’s tip, Hood County peace officers executed a search warrant to
search Deborah Hudgins’s two-story house for the presence of methamphetamine.  At
the time of the search, Forsyth was renting the upstairs portion of the house where
the officers found .22 caliber ammunition and drug paraphernalia.  In a
downstairs closet, officers found .22 caliber shells inside of a .22 caliber
rifle.  The State brought two charges against Forsyth, who pleaded guilty to
possession of less than one gram of methamphetamine but not guilty to
possession of a firearm by a felon.

Forsyth’s
trial counsel filed a motion for continuance because Hudgins, “the sole and
essential defense witness,” would be unavailable for the original trial setting. 
The motion stated that Hudgins expressed a willingness to testify without the
necessity of a subpoena.  The trial court granted this motion and reset the
case for July.  Knowing that the trial had been reset for July 7, 2011, but not
knowing what time the trial was scheduled to begin, Hudgins assumed that the
trial would begin at 9:00 a.m. and arrived at the courthouse at 8:30 a.m. 
However, courthouse security officers told her that there were no felony trials
that morning,[2] and so Hudgins left to take
her grandchildren swimming.

The State’s
witnesses, Hood County peace officers, were the only witnesses to testify at
trial.  The jury found Forsyth guilty of both charges and assessed a $10,000
fine for each conviction as well as concurrent sentences of two and ten years’
confinement for the drug and firearm convictions, respectively.  Forsyth filed
a motion for new trial alleging, in part, that his trial counsel had been
ineffective for failing to subpoena Hudgins.  To the motion, Forsyth attached
an affidavit, not from his trial counsel but from his appellate counsel.  In
this affidavit, appellate counsel averred that trial counsel had told Hudgins
to appear, that Hudgins arrived at the courthouse, and that she was turned away
by courthouse security officers.

At
the hearing on the motion for new trial, Hudgins testified that she had kept
the rifle, which belonged to her nephew, hidden in her downstairs closet and
that she did not believe that Forsyth knew about the rifle because he was only
permitted to enter the lower portion of the house to do laundry.  Forsyth also
called his parole officer, Darren Olsovsky, who testified that he had visited
Forsyth’s residence several times but had never entered the downstairs portion
because the upstairs portion had a separate entrance.  The trial court denied
the motion for new trial, and this appeal followed.

III. 
Due Process and Rule 21.3(e)

In
his third issue, Forsyth claims that the trial court abused its discretion by denying
his motion for new trial because he was denied federal due process when
courthouse security officers turned Hudgins away from the courthouse.  Because
it is unclear from his argument whether he is claiming a due process violation
or claiming that the trial court abused its discretion by failing to grant his
motion for new trial under rule 21.3(e), we will address both.  See Tex.
R. App. P. 21.3(e).

The
proper procedural due process analysis is two-tiered.  Rodriguez v. State,
21 S.W.3d 562, 568 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d) (op. on reh’g)
(citing Ex parte Montgomery, 894 S.W.2d 324, 327 (Tex. Crim. App. 1995)),
cert. denied, 532 U.S. 995 (2001).  First, the reviewing court must
decide whether a protected liberty or property interest exists.  Id.  If
this interest exists, the court must ask the second question, which is whether
sufficient procedural safeguards ensure that there is no arbitrary interference
with the interest.  Id.

Here,
Forsyth does not address the second tier of this inquiry; he does not claim
that his subpoena power or his right to request a continuance was in any way
abridged.  See id.  Indeed, Forsyth admits that his trial counsel chose
not to subpoena Hudgins, and there is no evidence in the record that Forsyth
tried to move for a continuance after Hudgins failed to appear.  See id.
(“The fact that appellant’s reliance [on a witness’s promise to appear] proved
to be misplaced does not constitute interference with his right to compulsory
process.”).  In any event, Forsyth’s notice and opportunity to be heard at the
hearing on his motion for new trial was a sufficient procedural safeguard to
protect his liberty interest.  See id. (noting that deprivation of a
protected interest requires notice and an opportunity to be heard and
determining that hearings on appellant’s motion for continuance and motion for
new trial provided sufficient safeguards).

Further,
to the extent that Forsyth claims that the trial court abused its discretion by
denying his motion for new trial in violation of rule 21.3(e), the granting or
denying of a motion for new trial lies within the trial court’s discretion.  Lewis
v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).  When
reviewing a trial court’s denial of a motion for new trial, we do not
substitute our judgment for that of the trial court; rather, we consider
whether its decision was arbitrary or unreasonable.  Id.

Rule
21.3(e) requires, in part, that a motion for new trial must be granted “when a
material defense witness has been kept from the court by force, threats, or
fraud.”  Tex. R. App. P. 21.3(e).  However, Forsyth does not argue on appeal,
nor did he argue in his motion for new trial, that anyone kept Hudgins away
from the court by force, threats, or fraud, and the record does not support
such a claim.  To the contrary, although Forsyth has maintained that courthouse
security officers gave Hudgins misinformation, he does not claim, and there is
no evidence to show, that they did so fraudulently.  Because Forsyth failed to
establish entitlement to relief under rule 21.3(e), the trial court did not
abuse its discretion by denying Forsyth’s motion for new trial, we overrule his
third issue.  See Rodriguez, 21 S.W.3d at 567; Lewis, 911 S.W.2d
at 7.

Forsyth’s
fourth issue is the same as his third except that he argues that he was
deprived of due course of law under the Texas constitution.  However, Forsyth
only raised his constitutional challenges below in his motion for new trial,
and in that motion, he failed to argue that the state due course of law
provision provides greater protection that the federal due process clause. 
Therefore, he has failed to preserve this complaint for appellate review.  See
Pena v. State, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (holding that by
failing at trial to distinguish the rights and protections afforded under the
Texas due course of law provision from those provided under the Fourteenth
Amendment, appellant failed to preserve for appellate review his complaint that
the due course of law provision provides greater protection).  Accordingly, we
overrule Forsyth’s fourth issue.

IV. 
Ineffective Assistance of Counsel

In
his first issue, Forsyth claims that the trial court abused its discretion by
denying his motion for new trial because his trial counsel was ineffective
under the United States Constitution for failing to subpoena Forsyth’s sole
witness.  Forsyth’s second issue is the same except that he claims that his trial
counsel was ineffective under the Texas constitution.  Because Texas’s right to
counsel provision is no more protective than its federal counterpart, Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999), we will address his
first and second issues together.

A.  Standard of Review

To
establish ineffective assistance of counsel, the appellant must show by a
preponderance of the evidence that his counsel’s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.  Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Davis v. State, 278 S.W.3d 346, 352 (Tex.
Crim. App. 2009).

In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  The issue is whether
counsel’s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland,
466 U.S. at 688–89, 104 S. Ct. at 2065.  Review of counsel’s representation is
highly deferential, and the reviewing court indulges a strong presumption that
counsel’s conduct fell within a wide range of reasonable representation.  Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State,
65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Salinas, 163 S.W.3d at 740; Thompson, 9 S.W.3d
at 813–14.  “In the majority of cases, the record on direct appeal is
undeveloped and cannot adequately reflect the motives behind trial counsel’s
actions.”  Salinas, 163 S.W.3d at 740 (quoting Mallett, 65 S.W.3d
at 63).  To overcome the presumption of reasonable professional assistance,
“any allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness.”  Id.
(quoting Thompson, 9 S.W.3d at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State, 226 S.W.3d 425, 432 (Tex. Crim.
App. 2007).

The
second prong of Strickland requires a showing that counsel’s errors were
so serious that they deprived the defendant of a fair trial, i.e., a trial with
a reliable result.  Strickland, 466 U.S. at 687, 104 S. Ct. at
2064.  In other words, appellant must show there is a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different.  Id. at 694, 104 S. Ct. at 2068.  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Id.  The ultimate focus of our inquiry must be on the
fundamental fairness of the proceeding in which the result is being
challenged.  Id. at 697, 104 S. Ct. at 2070.

B. 
Analysis

Forsyth
argues that trial counsel was ineffective for failing to subpoena and call[3]
Hudgins because Hudgins was available and her testimony would have benefitted
Forsyth.  See King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)
(holding that failure to call a particular witness will not be considered
deficient performance absent a showing that the witness was available and that
the defendant would have benefitted from the witness’s testimony).

There
is little question that Hudgins was available on the day of the trial and that
her testimony would have benefitted Forsyth, but this does not mean that trial
counsel’s failure to subpoena her constituted ineffective assistance because
Forsyth has failed to overcome the presumption that trial counsel’s decision
not to subpoena Hudgins “might be considered sound trial strategy.”  See
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  Indeed, the decision to
subpoena a defense witness is considered a matter of trial strategy.  Robertson
v. State, No. 01-02-00046-CR, 2002 WL 31236391, at *1 (Tex. App.—Houston [1st
Dist.] 2002, no pet.) (not designated for publication) (“Placing a witness
under orders of the trial court, rather than merely asking the witness to
return voluntarily, might cause apprehension, resentment, or even injurious
testimony on the part of a witness alienated by the coercive action.”); see
Pineda v. State, 2 S.W.3d 1, 6 (Tex. App.—Houston [1st Dist.] 1999, pet.
ref’d) (finding no authority for the proposition that failure to subpoena a
witness is ineffective assistance).

By
not addressing trial counsel’s motives, Forsyth appears to take the position
that regardless of motive, trial counsel’s failure to subpoena Hudgins was “so
outrageous that no competent attorney would have engaged in it.”  See Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).  However, this is not
a case in which trial counsel wholly failed to contact a defense witness.  Cf.
Shelton v. State, 841 S.W.2d 526, 526–27 (Tex. App.—Fort Worth 1992, no
pet.) (holding, without any evidence of counsel’s trial strategy, that
counsel’s failure to contact a key defense witness was ineffective).  “Rather,
this is a case in which the . . . witness promised to
appear and testify at trial and counsel reasonably expected [her] to appear,
but the witness nonetheless did not.”  Pineda, 2 S.W.3d at 6; see
Robertson, 2002 WL 31236391, at *1 (holding that even though trial
counsel had disavowed any trial strategy in not requesting subpoenas, his
belief that the witness would appear was not error, much less conduct falling
below objective standards of reasonableness).

Therefore,
even if trial counsel’s only reason for failing to subpoena Hudgins was his
belief that she would appear, Forsyth has not overcome the presumption that this
fell within the wide range of reasonable professional assistance.  See Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Salinas, 163 S.W.3d at 740.  Because
Forsyth did not satisfy his burden to meet the first prong of Strickland,
we need not address the second prong.  See Strickland, 466 U.S. at 697,
104 S. Ct. at 2069.  Therefore, we hold that trial counsel was not ineffective,
see id. at 687, 104 S. Ct. at 2064, and we overrule Forsyth’s first and
second issues.




V. 
Conclusion

Having
overruled each of Forsyth’s issues, we affirm the trial court’s judgment.[4]

 

PER CURIAM

 

PANEL: 
MCCOY,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 12, 2012









[1]See Tex. R. App. P. 47.4.





[2]Hudgins also testified
that the officers told her that “there wasn’t any court that day.”





[3]Forsyth does not
distinguish his contention that trial counsel failed to subpoena Hudgins from
his contention that trial counsel failed to call her, so we will not treat the
two differently.  See Tex. R. App. P. 47.1.





[4]Our holding, of course,
does not foreclose Forsyth’s right to pursue a post-conviction writ upon the
conclusion of this appeal.  See Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003) (recognizing that “an application for a writ of habeas
corpus is the more appropriate vehicle to raise ineffective assistance of
counsel claims”).